IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

[FILED]
DEC 21, 2001
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

DAVID HESTER, et al.,            )
                                 )
    Plaintiffs,                  )
                                 )
v.                               )   CIVIL ACTION 01-D-1301-N
                                 )
BAYER CORPORATION, et al.,       )
                                 )
    Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion To Remand, which was filed on November 9, 2001. Defendant Bayer Corporation ("Bayer") filed an Opposition to said Motion on November 26, the argument of which was adopted in full by Defendant GlaxoSmithKline ("GSK") on the following day. Plaintiffs never responded to the arguments asserted in said Opposition. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiffs' Motion To Remand is due to be denied.

### I. REMAND STANDARD AND FRAUDULENT JOINDER

It is well-settled that a defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). A federal district court may exercise jurisdiction over cases involving citizens of different states where the

EOD 12/21/01

EXHIBIT 3

27

amount in controversy, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity-every plaintiff must be diverse from every defendant." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). However, as the Supreme Court has long recognized, diversity jurisdiction "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

Defendants bear a "heavy" burden in proving that the joinder of one of their own is fraudulent. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). In examining whether a joinder is fraudulent, the court "should resolve all questions of fact and controlling law in favor of the plaintiff." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

2

## II. FACTUAL AND PROCEDURAL BACKGROUND

The present cause of action is one of several hundred products liability suits pending nationwide against Defendants Bayer and GSK concerning the alleged health problems associated with the prescription drug Baycol. Though the cause of action was originally brought in the Circuit Court of Montgomery, Alabama, Bayer and GSK removed the matter to the present forum pursuant to 28 U.S.C. § 1446 on the basis of diverse citizenship. In so doing, they had to allege that two of the original Defendants-CVS, Inc. ("CVS"), and Yancey Park Drug Company, Inc. ("Yancey Park")-were fraudulently joined solely because their Alabama citizenship would defeat complete diversity of the parties.

The Complaint alleges that CVS and Yancey Park are pharmacies that played a sufficiently significant role in Baycol's movement through the stream of commerce so as to subject them to liability under Alabama tort law. However, both Defendants' Removal and their Opposition brief, the latter of which was supported with affidavits, raise the suspicion as to whether said Defendants ever played _any_ role in the sale of Baycol. Indeed, the president of CVS has sworn that his company is not a licensed pharmacy, but rather owns two grocery stores, neither of which sells pharmaceuticals. (Opp. Ex. B.) Moreover,

3

Yancey Park Drug Company, Inc., the named defendant, has not filled any prescriptions since 1989, prior to Baycol's having entered the market. (Opp. Ex. B.) Curiously, Plaintiffs' Motion to Remand does not address these damning allegations, but merely restates the language of the Complaint as to the Alabama Defendants' liability. It is to be noted, however, that the served pharmacy Defendant Yancey Park Drug, a division of Foster Drugs of Alabama, Inc., has sold Baycol on occasion, allegedly to at least one of the present patients. (Id.) Nonetheless, its sole responsibility in that regard has never extended beyond merely filling subscriptions in accordance with doctors' instructions. (Id.)

### III. DISCUSSION

The first issue to address is the contention that the named pharmacy Defendants never sold Baycol. If true, the present discussion needs proceed no further. As noted above, nowhere do Plaintiffs counter Defendants' assertions that CVS-at least the CVS named and served as a Party in this action-is simply not engaged in any business of a pharmaceutical nature. An affidavit of the served Defendant states as much, so the court is compelled to conclude that Plaintiffs have erred in their efforts to find a culpable pharmacy in this regard. In short, CVS was fraudulently

4

joined.

This oversight may well be academic though, for even though Yancey Park was mistakenly served under the nomme de guerre Yancey Park Drug Company, Inc., Yancey Park itself has acknowledged that it is a pharmacy. Rule 15 permits a liberal pleading standard, and the court is unfamiliar with any precedent which permits the dismissal of a defendant simply because it was misnamed, particularly when said misnaming pertained only to the addition of "Company, Inc." Cf. Bryant Elec. Co. v. Joe Rainero Tile Co., 84 F.R.D. 120, 122 (W.D. Va. 1979) (observing that a "plaintiff may correct a misnomer in the complaint when it is clear that the person before the court is the person plaintiff intended to sue") (internal quotations omitted). The court deems it immaterial that the faulty nominative happened to coincide with that of a business no longer in existence; for purposes of Rule 15 that fact should matter no less than had Yancey simply been spelled without the letter "e". What is relevant for present purposes is that Yancey Park acknowledges having filled Baycol prescriptions and it does not deny having filled them for Plaintiffs. At the very least, more discussion is needed to determine whether the joinder of Yancey Park was fraudulent.

Plaintiffs assert the Alabama Extended Manufacturer Liability Doctrine ("AEMLD") could possibly extend to

5

pharmacists, to the extent that "a manufacturer, supplier or seller who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, is negligent as a matter of law." <u>Entrekin v. Atlantic Richfield Co.</u>, 519 So.2d 447, 449 (Ala. 1987). In so doing, however, Plaintiffs do not cite a single instance in which an Alabama pharmacist has been found liable under this doctrine for merely filling a prescription as written by a doctor. Certainly it is Defendants' burden to prove the existence of jurisdiction, <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998), but Plaintiffs' silence follows extensive citation in Defendants' Removal to cases in Alabama and nationwide that simply refuse to extend tort liability to pharmacists and/or pharmacies who do no more than dispense prescription drugs.[1]

---

[1] The Alabama cases cited by Defendants that have refused to extend tort liability as such are numerous. <u>Sanks v. Parke-Davis</u>, No. 00-S-1122-E, slip op. at 7-10 (M.D. Ala. Nov. 2, 2000); <u>Lansdell v. Am. Home Prods.</u>, No. 99-S-2110-NE (N.D. Ala. Oct. 26, 1999); <u>Harrell v. Wyeth-Ayerst Lab. Co.</u>, No. 98-1194-BH-M (S.D. Ala. Feb. 1, 1999); <u>Orr v. Wyeth-Ayerst Lab. Co.</u>, No. 98-3000-DIET (Mobile Cty. Cir. Ct. Aug. 2, 1999). This general rule has been recognized in countless other jurisdictions as well. <u>Winn v. Jack Eckerd Corp.</u>, 3 F.3d 137 (5th Cir. 1993) (applying Texas law); <u>Walker v. Jack Eckerd Corp.</u>, 434 S.E.2d 63 (Ga. App. 1993); <u>Nichols v. Cent. Merch., Inc.</u>, 817 P.2d 1131 (Kan. App. 1991); <u>McKee v. Am. Home Prods. Corp.</u>, 782 P.2d 1045 (Wash. 1989); <u>Adkins v. Mong</u>, 425 N.W.2d 151 (Mich. App. 1988) (per curiam). It is to be noted that these cases provided by Defendants in turn rely upon other jurisdictions, all of which follow the same rule regarding pharmacists and pharmacies.

Nor do Plaintiffs provide the court with any reason to believe that liability should extend to pharmacies beyond the bald assertion that the AEMLD imputes liability to every link in the chain of commerce, leaving the jury to consider the respective responsibility of each party. This contention contradicts established policy of Alabama tort law that when intricately complex products whose dangers are immediately indiscernible, the appropriate duties should be borne by the "learned intermediary." See Stone v. Smith, Kline & French Lab., 447 So.2d 1301, 1305 (Ala. 1984). The manufacturer has a duty to pass on the information regarding potential harms to doctors who then assist the patients in making informed decisions-by the time Plaintiffs arrived at Yancey Park there was no available information they might have uncovered that would have caused hesitation. Just as courts should not hold liable the shipping companies that transport the drugs from the factory to the wholesaler, liability should not extend to a business whose purpose is to effectuate the informed decision made by an ailing person. Absent an allegation that Yancey Park, whatever its true name might be, did other than what was expected of it by all parties in the chain of events, the court must conclude that there is no possibility that Plaintiffs can state a cause of action against it. Therefore, it is not a proper party to the

7

present action. Accordingly, complete diversity of citizenship exists as is required under 28 U.S.C. § 1332. *Triggs*, 184 F.3d at 1287.[2]

Complete diversity notwithstanding, Plaintiffs also argue that jurisdiction is inappropriate since Defendants have not proven by a "legal certainty" that the statutory requirement of $75,000 has been satisfied. Plaintiffs cite the wrong legal standard. Insofar as the Complaint made an unspecified demand for damages, Defendants need only establish by a preponderance of the evidence that the amount in controversy requirement has been met. *Tapscott*, 77 F.3d at 1357. Plaintiffs allege they suffered "significant muscle problems" (Compl. ¶¶ 3-4) due to Defendants' "conscious disregard of the foreseeable harm caused by" Baycol. (*Id.* at 17.) It is not uncommon in these circumstances for Alabama juries to award compensatory damages in excess of the jurisdictional prerequisite, even before punitive damages are considered. *See, e.g., Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (addressing propriety of $400,000 compensatory award

---

[2] Obviously, the general rule that all defendants must join in a petition for removal is inapplicable to those defendants that are fraudulently joined. *Erkins v. Am. Bankers Ins. Co.*, 866 F. Supp. 1373, 1375 (N.D. Ala. 1994) ("[I]t is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal.") (internal quotations omitted). Accordingly, the fact that the pharmacist Defendants were improper parties to the action cures any alleged defect to the removal.

and $5,000,000 punitive award in medical products liability case). The court is persuaded that Defendants have met their burden in demonstrating that the amount in controversy "more likely than not" exceeds $75,000. Tapscott, 77 F.3d at 1357. Accordingly, jurisdiction is appropriate in the present matter.

## IV. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiffs' Motion to Remand be and the same is hereby DENIED.

DONE this 21st of December, 2001.


UNITED STATES DISTRICT JUDGE