IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD L. MCGRADY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PFIZER INC., a Delaware Corporation; )<br>PHARMACIA CORPORATION, a )<br>Delaware Corporation; MONSANTO )<br>COMPANY, a Delaware Corporation; )<br>G.D. SEARLE, LLC, a Delaware )<br>Corporation; ROBERT VANDELUNE; )<br>SAMUEL KLEMENT; JAMIE PEACOCK; )<br>BEN MCCLURKIN; ROD MCWHORTER; )<br>AND TIFFANY GUCKENBERY )<br>And fictitious Defendants A, B, C and D )<br>being those persons, firms or corporations )<br>whose actions, inactions, fraudulent )<br>suppression, fraud, scheme to defraud and/or)<br>other wrongful conduct caused or )<br>contributed to the Plaintiff's injuries and )<br>damages, and whose true names and )<br>identities are presently unknown to the )<br>Plaintiff but will be substituted by )<br>amendment when ascertained, )<br>)<br>Defendants. ) | CASE NO: 06-431 |

## DEFENDANTS' MOTION FOR STAY OF ALL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION PROCEEDING

Defendants PFIZER INC. ("Pfizer"), PHARMACIA CORPORATION ("Pharmacia"), G.D. SEARLE, LLC ("Searle"), Robert Vandelune, Samuel Klement, Jamie Peacock, Ben McClurkin, Rod McWhorter, and Tiffany

1

Guckenberg (collectively "Defendants") respectfully move the Court to stay all proceedings in this case pending the transfer of this case to the United States District Court for the Northern District of California for consolidated and coordinated pretrial proceedings as part of *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, MDL-1699.

## INTRODUCTION

This case is one of numerous actions filed nationwide asserting products liability or marketing/sales practices claims against Defendants with respect to the prescription medication Bextra®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Bextra actions. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig,*, No. 1691 *et al.*, 2005 WL 2206577, at *1-*2 (J.P.M.L. Sept. 6, 2005) (Exh. A). The JPML's order not only immediately transferred 31 pending federal cases to the MDL court, but also recognized that the JPML had already "been notified of more than 100 potentially related actions pending in multiple federal districts," and stated that such additional actions would be treated as potential "tag-along actions." *Id.* at *1 n.1. This case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. *See Rules of Procedure of the Judicial*

*Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001). Accordingly, to conserve judicial resources and prevent inconsistent pretrial orders, Defendants request that this Court stay all proceedings in this case pending MDL transfer. This request will not result in any prejudice to Plaintiff, but will work "to the overall benefit of the parties" and the federal judiciary. *See* 2005 WL 2206577, at *1 (discussing the efficiencies occasioned by the creation of MDL 1699).

## ARGUMENT

The proceedings in this case should be stayed pending transfer to MDL-1699. Section 1407(a) of title 28 of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The JPML consistently has recognized that the primary purpose of consolidating such cases is to conserve judicial and party resources, avoid duplicate discovery, prevent inconsistent pretrial rulings, and avoid conflicting scheduling requirements. *See, e.g., In re Acacia Media Techs. Corp. Patent Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2006).

Given these considerations, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (citing cases).

3

Similar stays have been granted in other Celebrex® and Bextra® cases. *See William Randolph Hall, Sr. v. Pfizer, Inc.*, No. 2:05-CV-941-F (M.D. Ala. Nov. 21, 2005) (McPherson, J.); *Ann Beverly v. Pfizer, Inc., et al.*, CV-05-0542-M (S.D. Ala. Nov. 17, 2005) (Milling, J.); *Katie Thomas v. Pfizer, Inc., et al.*, CV-05-824-F (S.D. Ala. Nov. 15, 2005) (Fuller, J.); *Rosa M. Nelson v. Pfizer, Inc., et al.*, CV-05-832-F (S.D. Ala. Oct. 20, 2005 (Fuller, J.); *McFarland, et al. v. Pharmacia Corporation, et al.*, 2:03-CV-00247-KS-JMR (S.D. Miss. Oct. 25. 2005) (Roper, J.); *Carol Snowbarger v. Monsanto Company, et al.*, No. 4:05-CV-1160 (CV-01605 ERW (E.D. Mo. Oct. 27, 2005) (Webber, J.); *Frances D. Bangs v. Pharmacia Corp. et al.,*, No. 4:05-CV-1604 (CEJ) (E.D. Mo. Oct. 26, 2005) (Jackson, J.); *Charles Brunn v. Monsanto Company, et al.*, No. 4:05-CV-1644 (CAS) (E.D. Mo. Oct. 24, 2005) (Shaw, J.); *Alberta Cox v. Pfizer, Inc., et al.*, No. 4:05-CV-1620 (CAS) (same) (Exh. B).

Here as well, as the JPML explained in creating MDL-1699, "centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 2005 WL 2206577, at *1 (concluding that the creation of MDL-1699 "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"). The JPML further noted that MDL-1699 will

enable a single federal judge to coordinate discovery and "ensure[] the pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.*, 2005 WL 2206577, at *1; *see also id.* ("We are confident in the [MDL] judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims."); *Id.* (stating the MDL judge possesses the "time and experience" to "prudent[ly]" resolve this litigation). Federal courts in Alabama have routinely granted similar motions to stay pending transfer to the MDL in Bextra and Celebrex cases despite plaintiff's joinder of sales representatives in an effort to defeat diversity jurisdiction. *See Jackson v. Pfizer, Inc. et al.*, CV-2:05-cv-841-F (M.D. Ala. Dec. 5, 2005) (Walker, J.); *Nelson v. Pfizer, Inc., et al.*, CV-2:05-cv-832-F (M.D. Ala. Oct. 20, 2005) (Fuller, J.); *Thomas v. Pfizer, Inc. et al.*, CV-2:05-cv-824-F (M.D. Ala. Nov. 15, 2005) (Fuller, J.); *Hall v. Pfizer, Inc., et al.*, CV-2:05-cv-941-F (M.D. Ala. Nov. 21, 2005) (McPherson, J.); *Beverly v. Pfizer, Inc., et al.*, CV-05-0542-M, (S.D. Ala. Nov. 17, 2005) (Milling, J.) (Orders collectively attached hereto as Exhibit C). Further, these same cases have been transferred to the MDL. *See* February 14, 2006 Transfer Order; Conditional Transfer Order (CTO) CTO-3 (collectively attached hereto as Exhibit D). Permitting pretrial proceedings to proceed in this case despite its impending transfer to MDL-1699 would invite the very problems that

MDL proceeding is designed to avoid: duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial and private resources. *See id.; see also In re Acacia*, 360 F. Supp. 2d at 1379.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court stay all proceedings in this case pending transfer to the MDL-1699.

Respectfully submitted this 22nd day of May, 2006.

/s/ Lawrence B. Clark
Lawrence B. Clark
M. Jason Asbell
Attorneys for G.D. Searle, LLC,
Pharmacia Corporation and Pfizer, Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL, & BERKOWITZ, P.C.
Wachovia Tower, Suite 1600
420 20th Street North
Birmingham, Alabama 35203
(205) 328-0480
(205) 322-8007 facsimile

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the ___22nd___ day of ___May___, 2006, I caused the foregoing to be filed via the CM/ECF system, which will automatically provide electronic notice to the following counsel of record:

Lynn W. Jinks, III
JINKS, DANIEL & CROW, P.C.
P.O. Box 350
Union Springs, Alabama 36089

Grady Reeves
CERVERA, RALPH & REEVES, L.L.C.
P.O. Box 325
Troy, Alabama 36081

_____
OF COUNSEL

B MJA 711271 v1
2902026-000049 05/22/2006