IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD L. McGRADY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No.: 2:06-cv-431-MEF |
| | * | |
| PFIZER INC., a Delaware Corporation; | * | |
| PHARMACIA CORPORATION, | * | |
| a Delaware Corporation; MONSANTO | * | |
| COMPANY, a Delaware Corporation; | * | |
| G.D. SEARLE, LLC, a Delaware | * | |
| Corporation; ROBERT VANDELUNE; | * | |
| SAMUEL KLEMENT; JAMIE PEACOCK; | * | |
| BEN MCCLURKIN, ROD MCWHORTER; | * | |
| AND TIFFANY GUCKENBERY | * | |
| And fictitious Defendants | * | |
| A, B, C and D being those persons, firms | * | |
| or corporations whose actions, inactions, | * | |
| fraudulent suppression, fraud, scheme to | * | |
| defraud and/or other wrongful conduct | * | |
| caused or contributed to the Plaintiff's | * | |
| injuries and damages, and whose true | * | |
| names and identities are presently | * | |
| unknown to the Plaintiff but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiff hereby moves the Court to remand this case to the Circuit Court of Bullock

County, Alabama. Federal subject matter jurisdiction is not present.

The citizenship of the parties is not diverse as required by 28 U.S.C. § 1332. Plaintiff is a

resident of Alabama. (Compl. ¶ 2.). Defendants Robert Vandelune, Samuel Klement; Jamie

Peacock; Ben McClurkin, Rod McWhorter and Tiffany Guckenburg (hereinafter "Alabama Sales

Representative Defendants") are residents of Alabama. (Compl. ¶ 7-12.) Defendant G. D. Searle, LLC is an Illinois corporation with its principal place of business in Skokie, Illinois. (Compl. ¶ 3.) Defendant Pharmacia Corporation is a Delaware Corporation with its principal place of business in New Jersey. (Compl. ¶ 4.) Defendant Monsanto Company is a Delaware Corporation with its principal place of business in Missouri. (Compl. ¶ 5.) Defendant Pfizer, Inc. is a Delaware Corporation with its principal place of business in New York. (Compl. ¶ 6.) Plaintiff asserts valid claims under Alabama law against each Defendant. Each party to this action is properly joined.

Because the Court does not have subject matter jurisdiction, Plaintiff respectfully urges the Court to grant his Motion to Remand this action to the Circuit Court of Bullock County.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

This product liability action arises from the injuries sustained by Donald L. McGrady, the Plaintiff, as a result of taking the prescription drug known as Celebrex (Celecoxib). (Compl. ¶¶ 1, 2.) Celebrex is a pharmaceutical treatment for musculoskeletal joint pain. (Compl. ¶ 22.) Plaintiff was prescribed and used Celebrex. (Compl. ¶ 1.)

G.D. Searle, LLC, Pharmacia Corporation, Pfizer, Inc. and Monsanto Company (Removing Defendants) designed, developed, manufactured, packaged, labeled, promoted, marketed, advertised, sold, supplied and otherwise distributed Celebrex. (Compl. ¶¶ 3-6.).

Furthermore, the Alabama Sales Representative Defendants called on Plaintiff's physician(s) on numerous occasions to present false and misleading information regarding the safety and efficacy of Celebrex and suppressed material information regarding the safety and efficacy of Celebrex and its harmful side effects, and placed Celebrex in the stream of commerce. (Compl. ¶ 17.) At all times relevant to Plaintiff's Complaint, all Defendants actually

2

knew of the defective and unreasonably dangerous nature of Celebrex, yet the Defendants continued to develop, manufacture, package, label, promote, market, advertise, sell, and distribute Celebrex in such a way as to maximize sales and profits at the expense of public health and safety. Defendants did so with complete disregard of the foreseeable harm that Celebrex would cause the lives of those who took it. (Compl. ¶ 20.)

Plaintiff Donald L. McGrady was prescribed Celebrex and after ingesting Celebrex, Plaintiff suffered injuries resulting in heart arrhythmia, atrial fibrillation and the subsequent implantation of a heart pace maker. On April 13, 2006, Plaintiff filed suit in the Circuit Court of Bullock County, Alabama. Plaintiff asserted several causes of action against Defendants, including strict products liability for design and failure to warn, negligence, breach of express and implied warranty, fraud, and negligent misrepresentation. The Removing Defendants filed their Answer and Notice of Removal on May 12, 2006. Plaintiff urges the Court to remand this action to state court in accordance with 28 U. S.C. § 1447(c).

## ARGUMENT

It is well-settled that federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution," or authorized by Congress. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

28 U.S.C. § 1447(c) provides, in relevant part, that after a case has been removed to federal district court, but "at any time before final judgment," the plaintiff may move for remand; and that "the case *shall* be remanded [if] it appears that the district court lacks subject matter jurisdiction." (emphasis added). The statutes governing removal are jurisdictional; for that

reason, and because removal jurisdiction raises significant federalism concerns, removal statutes must be strictly construed in favor of state court jurisdiction and against removal. *E.g., Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941); see *Clay v. Brown & Williamson Tobacco Corp.,* 77 F.Supp..2d 1220, 1221 (M.D.Ala. 1999) (De Ment, J.). On a motion to remand, Defendants, as the removing parties, bear the burden of establishing federal subject matter jurisdiction. *E.g., Pacheco de Perez v. AT & T Co.,*139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard,* 85 F 3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, all doubts about federal subject matter jurisdiction on removal should be resolved in favor of remand to state court. *E.g., University of S. Alabama,* 168 F.3d at 411; *Pacheco de Perez,* 139 F.3d at 1373; Diaz, 85 F.3d at 1505; *Seroyer v. Pfizer, Inc.,* 991 F.Suppl. 1308, 1312 (M.D.Ala. 1997). All questions of fact and controlling law should be resolved in favor of Plaintiff. *University of S. Ala.,* 168 F.3d at 411; *see also Shamrock Oil,* 313 U.S. at 108-09.

"An action is not properly removable if it consists of a non-separable controversy involving both resident and nonresident Defendants." *Coker v. Amoco Oil Co., Inc.* 709 F.2d 1433, 1439 (11th Cir. 1983). Thus, where, as here, the removing defendant asserts federal subject matter jurisdiction based on an amount in controversy over $75,000 and the diversity of citizenship of the parties, 28 U.S.C. § 1332, the defendant must show there is actually complete diversity. *Triggs,* 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.* 77 F.3d 1353, 1355 (11th Cir. 1996)).

## I.     Diversity Jurisdiction Is Not Present

In the present case, Plaintiff is a resident of Alabama, and the Alabama Sales Representative Defendants are residents of Alabama. The citizenship of the parties is not diverse

as required by 28 U.S.C. § 1332. In his Complaint, Plaintiff states valid state law claims against all Defendants.

Defendants do not dispute that complete diversity is missing on the face of Plaintiff's Complaint, but contend that the Alabama Sales Representative Defendants' citizenship can be disregarded on the ground that they were fraudulently joined, improperly joined and/or misjoined. (Notice of Removal, ¶ 11.) The Removing Defendants have utterly failed to carry their burden on this issue, and this cannot show the existence of federal subject matter jurisdiction.

### A.   Standard for Fraudulent Joinder

The party seeking to remove a case claiming that the federal court has subject matter jurisdiction bears a heavy burden. This burden is especially high when the defendant alleges fraudulent joinder as the basis for subject matter jurisdiction. *Frontier Air Lines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Eleventh Circuit has recognized three situations where a joinder could be deemed fraudulent:

1.   There is no possibility that the Plaintiff can prove a cause of action against any resident defendant;

2.   There is outright fraud in the Plaintiff's pleading of jurisdictional facts; and

3.   Where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs*, 154 F.3d at 1287 (citations omitted).

Defendants do not argue that Plaintiff fraudulently pled jurisdictional facts to bring this case in state court. Neither do Defendants argue that the Alabama Sales Representative

Defendants have no connection to this action.  Rather, Defendants argue that there is no

reasonable possibility that Plaintiff can establish any cause of action against the Alabama Sales

Representative Defendants.  (Notice of Removal, ¶ 14.)  Defendants mistake the appropriate

standard in the Eleventh Circuit.  To defeat all allegations of fraudulent joinder, Plaintiff need

only prove a possibility of recovery.

> If there is *even a possibility* that a state court would find that the
> Complaint states a cause of action against any one of the
> resident Defendants, the federal court must find that the joinder
> was proper and remand the case to state court.  *Coker v. Amoco
> Oil Co.*, 709 F.2d at 1440-1441 (emphasis added).  The plaintiff
> need not have a winning case against the allegedly fraudulent
> defendant; he need only have a *possibility* of stating a valid
> cause of action in order for the joinder to be legitimate.

*Triggs*, 154 F.3d at 1287.

As the removing parties, the Defendants bear the heavy burden of showing that the

Alabama Sales Representative Defendants were fraudulently joined.  *Pacheco de Perez*, 139

F.3d at 1380; (11th Cir. 1997).  This Court's inquiry is limited to determining whether Plaintiff

has a *possibility* of stating a valid cause of action against the Alabama Sales Representative

Defendants under state law.  *Triggs*, 154 F.3d at 1287; *Crowe*, 113 F.3d at 1538.  In making this

determination, this Court must evaluate all factual allegations in the Complaint in the light most

favorable to Plaintiff, resolving all contested issues of substantive fact in his favor and must

resolve any uncertainties as to the current state of the controlling substantive fact in his favor and

must resolve any uncertainties as to the current state of the controlling substantive law in

Plaintiff's favor as well.  *Cabalceta v. Standard Fruit Co.*, 88.3 F.2d 1536, 1561 (11th Cir. 1989).

Consistent with the above-mentioned authority, various federal courts have entered

orders of remand under circumstances nearly identical to the case at hand, rejecting fraudulent

joinder arguments and holding the Plaintiff had stated valid claims against the resident

Defendant. *Barlow v. Merck & Co., Inc., et al*, CV-02-T-1227-N (M.D. Ala.) (Thompson, J.);

*Lauderdale v. Merck & Co., Inc., et al*, Civil Action No.: 1:01cv418-EMB (N.D. Miss.).

In fact, this same Court, in *Faulk v. SmithKline Beechman Corp.*, et al., rejected

Defendant's contentions of fraudulent joinder in a similar case by concluding:

> The Court has carefully reviewed the claims against the resident
> Defendants [Alabama Sales Representatives] and the arguments
> of the parties, and it must conclude that in this case there is a
> possibility that the Plaintiff can establish at least one of his
> causes of action against at least one of the resident Defendants.
> Accordingly, this Court must find that the joinder is proper and
> remand the case to the Circuit Court of Barbour County,
> Alabama.
>
> (*Faulk*, No. 2:05-cv-85-F (M.D. Ala. Sept. 7, 2005) (Fuller, Jr.)
> (attached hereto as Exhibit "A")

In the case at bar, the Defendants contend that two (2) of the six (6) Alabama Sales

Representative Defendants never detailed Celebrex to any physician (Notice of Removal ¶ 28).

Consistent with how this Court ruled above, even if the Defendant's assertions are taken as true,

there is a "possibility" that the Plaintiff can establish at least one (1) of his causes of actions

against at least one of the other **four (4)** Alabama Sales Representative Defendants.

Similarly, the Court in *Ware v. G.D. Searle LLC et al.*, recently remanded an identical

case where the Plaintiff alleged identical claims resulting in a stroke as a result of ingesting

Celebrex. Ware 2:05-cv-659-T (M.D. Ala. Aug. 26, 2005)(Thompson, J.). (attached hereto as

Exhibit "B") The Court ruled that valid negligence, fraud, negligent misrepresentation, breach of

express and implied warranties, strict products liability design and failure to warn claims were

made against the Alabama Sales Representative Defendants and remanded the case back to the

Circuit Court of Barbour County. (Id.)

Additionally, the Court has previously remanded numerous cases asserting similar claims against sales representatives and territory managers. See *Travis Walker, et al., v. Warner-Lambert Company, et al*., Civil Action No. 02-T-230-N (attached hereto as Exhibit C); *Bessie B. Caldwell v. Warner-Lambert Company, et al*., Civil Action No. 01-T-486-N (attached hereto as Exhibit D); *Wayne Roughton v. Warner-Lambert Company, et al*., Civil Action No. 00-T-1239-N (attached hereto as Exhibit E); *Letisha Bennett, et al., v. Warner-Lambert Company, et al.,* Civil Action No. 02-T-343-N (attached hereto as Exhibit F); *Stella Johnson, et al. v. Warner-Lambert Company, et al.,* Civil Action No. 02-T-830-N (attached hereto as Exhibit G); *Debbie Osbourne, et al. v. Warner-Lambert Company, et al*., Civil Action No. 02-T-828-N (attached hereto as Exhibit H); *Sara Rush, et al. v. Warner-Lambert Company*, et al., Civil Action No. 02-T-829-N (attached hereto as Exhibit I); *Helen Boswell v. Wyeth, et al.,* Civil Action No. 03-T-1256-N (attached hereto as Exhibit J); *Valerie Ballard, et al. v. Wyeth, et al.,*  Civil Action No. 03-T-1255-N (attached hereto as Exhibit K); *Rita Brunson v. Wyeth, et al.,* Civil Action No. 03-T-1167-S (attached hereto as Exhibit L); *Sara Blair, et al. v. Wyeth, et al*., Civil Action No. 03-T-251-S (attached hereto as Exhibit M); and *Sharon C. Crittenden, et al. v. Wyeth, et al*., Civil Action No. 03-T-920-N (attached hereto as Exhibit N);  Other federal courts in Alabama have also remanded cases involving claims against sales representatives and territory managers, *see Lavaughn Hales v. Merck & Co., Inc., et al.* U.S.D.C., Northern District of Alabama, Civil Action No. *03-AR-1028-M*  (attached hereto as Exhibit O); *Catherine Armstrong, et al. v. Wyeth, et al.* U.S.D.C., Northern District of Alabama, Civil Action No. 04-S-247-NW (attached hereto as Exhibit P); *Martha M. Davis v. Wyeth, et al.,* U.S.D.C., Northern District of Alabama, Civil Action No. 03-J-3167-J (attached hereto as Exhibit Q); *Carl Legg and Dorothy Legg v. Wyeth, et al.,* U.S.D.C., Northern District of Alabama, Civil Action No. 04-S-0435-NE (attached hereto as

8

Exhibit R); *Ann McGowan, et al. v. Wyeth, et al.*, U.S.D.C., Northern District of Alabama, Civil

Action No. 04-TMP-298-S (attached hereto as Exhibit S); *M. Rebecca Cross, et al. v. Wyeth, et*

*al.*, U.S.D.C., Northern District of Alabama, Civil Action No. 03-0882-BH-M (attached hereto as

Exhibit T); *Marcia Carlisle, et al. v. Wyeth, et al.*, U.S.D.C. Northern District of Alabama, Civil

Action No. 04-HGD-0394-S (attached hereto as Exhibit U); *Wanda Campbell, et al., v. Wyeth, et*

*al.*, U.S.D.C., Northern District of Alabama, Civil Action No. 03-HGD-3364-M (attached hereto

as Exhibit V); *Yolanda Carter, et al., v. Wyeth, et al.*, U.S.D.C., Northern District of Alabama,

Civil Action No. 04-AR-0446-S (attached hereto as Exhibit W); *Jevenari Marshal, et al., v.*

*Wyeth, et al.*, 04-TMP-179-S (attached hereto as Exhibit X); *Sandra Storey v. Wyeth, et al.,*

U.S.D.C., Northern District of Alabama, Civil Action No. 04-BE-27-E (attached hereto as

Exhibit Y); *Sandra Cash v. Wyeth, et al.*, U.S.D.C., Northern District of Alabama, Civil Action

No. 03-RRA-3378-E (attached hereto as Exhibit Z) and *Michal Hall, et al. v. Wyeth, et al.,*

U.S.D.C., Northern District of Alabama, Civil Action No. 04-J-0434-NE (attached hereto as

Exhibit AA).

This Court, in determining whether Plaintiff's claims are valid, must evaluate all factual

allegations in the light most favorable to Plaintiff, resolving all contested issues of substantive

fact in their favor, and resolving uncertainties as to the current state of controlling substantive

law in Plaintiff's favor as well. *E.g., B., Inc.,* 663 F.2d at 549; *Accord, e.g., Pacheco de Perez*,

139 F.3d at 1380; *Crowe,* 113 F.3d at 1538; *Coker,* 709 F.2d at 1440.

          **B.**    **Plaintiff Has Stated a Valid Product Liability**
                 **(AEMLD) Claim Against the Alabama Sales Representative**
                 **Defendants**

To establish liability under the Alabama Extended Manufacturer's Liability Doctrine

(AEMLD), a plaintiff must demonstrate that:

(1)    He suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

    (a)    the seller is engaged in the business of selling such a product, and

    (b)    it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2)    Showing these elements, the plaintiff has proved a prima facie case although

    (a)    the seller has exercised all possible care in the preparation and sale of his product, and

    (b)    the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*E.g., Casrell v. Altec Industries, Inc.,* 335 So.2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.,* 335 So.2d 134, 141 (Ala. 1976); *accord, e.g., Clay,* 77 F.Supp.2d at 1223; *Judson v. Nissan Motor Co.,* 52 F.Supp.2d 1352, 1360 (M.D.Ala. 1999) (De Ment, J.).    Stated differently, to establish a *prima facie* case for an AEMLD claim, a plaintiff need only show that (1) Defendants are engaged in the business of manufacturing, supplying, or selling the product in question; (2) the product was in a defective condition unreasonably dangerous when applied to its intended use in the usual manner; and (3) the plaintiff was injured as a proximate result of Defendants' placing the product on the market.

    Plaintiff has alleged that Defendants, including the Alabama Sales Representative Defendants, designed, developed, manufactured, packaged, labeled, <u>marketed</u>, <u>advertised</u>, <u>misrepresented</u>, sold, and otherwise distributed Celebrex.  (Compl. ¶¶ 21-23.)  Celebrex is defective and unreasonably dangerous as designed,[1]  due to inadequate testing, and due to inadequate warnings or instructions.    The Alabama Sales Representative Defendants

---

[1] The question of whether or not a product is unreasonably dangerous is a question of fact for the jury to decide *Koehring Cranes & Excavators, Inc. v. Livingston,* 597 So.2d 1354, 1355 (1992); *Casrell,* 335 So.2d at 133

inadequately warned or instructed Plaintiff and the medical community of the dangers of Celebrex and failed to provide timely and adequate post-marketing. (Id.) As a direct and proximate consequence, Plaintiff was prescribed and used Celebrex, and suffered heart arrhythmia, atrial fibrillation and the implantation of a heart pace maker. (Compl. ¶ 24.) Plaintiff has stated a valid claim against all Defendants, non-resident and resident alike.

Defendants incorrectly assert that the Alabama Sales Representative Defendants cannot be "sellers" within the meaning of the AEMLD and cannot be held individually liable under the AEMLD. Defendants have failed to satisfy their burden of showing there is no possibility that Plaintiff states a cause of action under AEMLD claim against the Alabama Sales Representative Defendants.

Under Alabama law, the Alabama Sales Representative Defendants may properly be held liable for their individual participation in the tortious acts and omissions that harmed Plaintiff. *Ex parte Charles Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So.2d 774, 775 (Ala. 1986). The Alabama Sales Representative Defendants fraudulently suppressed material information regarding the safety and efficacy of Celebrex, misrepresented the safety and efficacy of Celebrex, and participated in an aggressive marketing campaign. Defendants in communications to physicians compared the efficacy of Celebrex to other pain relievers, sought to distinguish Celebrex from other Cox-2 class of drugs already on the market, and worked to persuade physicians to prescribe Celebrex to their patients. Alabama Sales Representatives provide physicians with Celebrex product information. Throughout these activities, Alabama Defendants worked to increase sales of Celebrex (Compl. ¶ 22).

Plaintiff also anticipates that discovery will show that Alabama Sales Representative Defendants' knowledge concerning Celebrex was superior to the knowledge held by the

11

physicians to whom they made sales calls. Plaintiff also anticipates that discovery will show that the Plaintiff's prescribing physician relied on information provided by Defendants. Defendant Sales Representatives provided to physicians incorrect, misleading, or incomplete information (such as inadequate warnings of risks of harm and adverse effects from the use of Celebrex), and that physicians passed this erroneous information to consumer. Plaintiff relied on such information through the representations of his physician. If these allegations are proven to be true, which Plaintiff expects they will be, a finding of individual liability against the Alabama Sales Representative Defendants under the AEMLD would be consistent with the "general rule" under Alabama law that "officers and employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So.2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F.Supp. 505, 513 (M.D.Ala. 1983); see *Chandler v. Hunter*, 340 So.2d 818, 822 (ala.Civ.App. 1976).

Various federal courts have rejected arguments that defendants who distribute unreasonably dangerous products, as well as individual employees of manufacturer defendants, cannot be held liable under AEMLD, *E.g. Clay*, 77 F.Supp.2d at 1224 (De Ment, J.); *Seaborn v. R.J. Reynolds Tobacco Co.,* 1996 WL 943621 (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Jenkins v. R.J. Reynolds Tobacco Co.,* No. 96-T-1489-N (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Acton v. R.J. Reynolds Tobacco Co.*, No. 96-C-2737-W (N.D.Ala. Oct. 23, 1996) (Clemon, J.).

The decisions in *Clay, Seaborn, Jenkins* and *Acton* are instructive regarding the joinder of in-state distributor and corporate employee Defendants. In each of these cases, the defendant tobacco companies claimed plaintiff's joinder of the local distributors and the manufacturer's sales representative as Defendants was fraudulent. Relying on the general principle noted above

that officers or employees of a corporation are liable for torts in which they have personally participated, e.g., *Ex parte Charles Bell Pontiac*, 496 So.2d at 775, each court noted that, to the extent the manufacturer defendant allegedly violated the AEMLD, "it acted through its employees; the company does not employ ghosts." *E.g., Clay*, 77 F.Supp.2d at 1224; *Seaborn*, 1996 WL 943621, *3. Each court accordingly deemed it appropriate to allow plaintiff to pursue the distributors and employee sales representatives individually – even in the absence of any personal contact with the plaintiff – and to substitute new individual defendants in the event plaintiff had named the wrong individuals at the outset. *Id.* Finding it "conceivable" that plaintiff's AEMLD claims against the in-state employee "may be viable," *Clay*, 77 F.Supp.2d at 1224, or that such claims satisfied the Rule 11 standard, e.g., *Seaborn*, 1996 WL 943621, *4, each court rejected defendants' claim of fraudulent joinder and remanded plaintiff's complaint to state court. Similarly, in *Acton*, Judge Clemon entered an order of remand under circumstances nearly identical to those in *Seaborn*, finding plaintiff's complaint against non-resident cigarette manufacturers and resident retailers of the manufacturers' cigarettes was improvidently removed.

Other United States District Courts also have consistently rejected arguments that in-state defendant sales representatives are fraudulently joined in the context of an AEMLD action involving a defective drug. Judge Inge P. Johnson remanded the case of *Barry Pace, et al v. Parke-Davis*, No. 3:00-3046 (N.D. Ala. Nov. 21, 2000). Judge Robert Propst remanded the case of *Donald McCaffery v. Warner-Lambert Co., et al.*, No. 4:00-2848 (N.D. Ala. Dec. 8, 2000).

Defendants who distribute dangerous products, as well as their employees, may be held liable under AEMLD. Plaintiff has stated valid claims against all Alabama Sales Representative Defendants under AEMLD.

C.    **Plaintiff Has Stated Valid Claims of Negligence, Failure to Warn, Fraud, and Negligent Misrepresentation Against the Alabama Sales Representative Defendants**

Plaintiff has asserted viable negligence, failure to warn, fraud, and misrepresentation claims against the Alabama Sales Representative Defendants.[2]   According to the Removing Defendants, the Alabama Sales Representative Defendants owed no duty to Plaintiff, made no representations to Plaintiff, and generally had no dealings with Plaintiff.   By making representations concerning Celebrex as they marketed it to physicians, the Alabama Sales Representative Defendants *voluntarily assumed* such a duty to warn of the drug's dangerous side effects. *See, e.g., J.B. Bowden v. E. Ray Watson Co., Inc.*, 587 So.2d944, 946 (Ala. 1991); *King v. National Spa and Pool Institute, Inc.*, 570 So.2d 612, 614 (Ala. 1990).  Clearly, the Alabama Sales Representative Defendants were negligent and had a duty to warn ultimate consumers and physicians with whom they met of the potential dangers associated with the use of Celebrex.

Defendants argue that Plaintiff failed to plead allegations of fraud and negligent misrepresentation with the specificity required by Rule 9, *Ala. R. Civ. P.* (Notice of Removal ¶ 20.)  Plaintiff clearly alleged in the Complaint facts sufficient to satisfy the requirements of Rule 9. For example, Plaintiff has plead the following:

> 78.    Defendants recklessly, knowingly, intentionally, and fraudulently misrepresented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, the safety and efficacy of the drug and/or recklessly, knowingly, intentionally, and fraudulently concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, material, adverse information regarding the safety and efficacy of Celebrex (Celecoxib).

---

[2] Contrary to the Defendant's contentions, any negligence claims stated in Plaintiff's Complaint were NOT brought pursuant to the AEMLD.  Therefore, Defendants have failed to state a reason why the Alabama Sales Representative Defendants were fraudulently joined in the context of the negligence based allegations.  As such, this case is due to be remanded for failure of the Defendants to meet its heavy burden of proving fraudulent joinder on the negligence issue alone, not to mention all other allegations stated in Plaintiff's Complaint.

79.    Defendants' misrepresentations were communicated to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, with the intent that they reach users and/or consumers of the drug, including Plaintiff.

80.    Defendants either knew or should have known that the representations were false.

81.    Defendants made the misrepresentations and/or actively concealed information concerning the safety and efficacy of the drug with the intention and specific desire that the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, would rely on such in selecting Celebrex (Celecoxib) as a pain reliever.

(Comp.¶ 58-61)

Additionally, Rule 9(b) requires that although "the circumstances constituting the fraud be pleaded, it does not require that each element of fraud be delineated." *Spry Funeral Homes, Inc. v. Deaton*, 363 So.2d 786 (Ala. 1978). The committee comments state, "(the) special requirement(s) as to fraud . . (do) not require every element . . To be stated with particularity …" *Id.* When, as here, the defendant is reasonably apprised that the claim against him is one for fraud and the claim is more than a generalized or conclusory statement of the fraud complained of, the pleading satisfies the rule's requirements.

Plaintiff has stated valid claims for fraud and negligent misrepresentation in his Complaint with the specificity required by Rule 9. The Alabama Sales Representative Defendants are properly joined parties to this action. Consequently, federal diversity jurisdiction is not present and the case should be remanded to state court.

## II.    Plaintiff is entitled to an award of reasonable costs and expenses and attorney's fees incurred as a result of defendant's removal.

In a Memorandum Opinion entered on August 2, 2001, Judge DeMent held that

15

defendant's removal was erroneous and that an award to plaintiffs was fair and equitable under all the circumstances. *Vivian Caldwell v. United Ins. Co. of Am.*, Civil Action No. 01-D-767-N. Courts can and should award reasonable costs and attorney's fees incurred as a result of an erroneous removal. *Caldwell*, Mem. Op. at 5 *(citing Grace v. Interstate Life & Acc. Ins. Co.*, 916 F. Supp. 1185 (M.D. Ala. 1995)). The issue is whether an award would further overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties. *Caldwell*, Mem. Op. at 5 *(citing Gardner v. Allstate Indem. Co.*, 2001 WL 705715 at *1, 2001 U.S. Dist. LEXIS 8560 (M.D. Ala. 2001)(quoting *Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 767 F. Supp. 561, 563 (S.D.N.Y. 1991), *aff'd* 971 F.2d 917 (2d Cir. 1992)); *see also, Gray v. New York Life Ins. Co.*, 906 F. Supp. 628, 637 (N.D. Ala. 1995).

Clearly, the Defendants have erroneously removed the case at bar. Specifically, some of the same Defendants including the Removing Defendants and Resident Defendant Vandelune, recently removed an identical case with identical allegation concerning the injured Plaintiff's use of Celebrex. The Court in *Ware* promptly remanded this action back to the Circuit Court of Barbour County rejecting the Defendant's contentions of fraudulent joinder. The only difference in the *Ware* case and the one at bar, is that here the Plaintiff has identified six (6) instate Defendants in this case instead of only one (1) instate Defendant in the *Ware* matter. In the face of the *Ware* Remand Order against the same Defendants, which involved a case identical to the case at bar, the Removing Defendants has no basis to remove this action. Plaintiffs are entitled to an award of costs and expenses, including reasonable attorney's fees, incurred as a result of Defendants' erroneous removal.

## CONCLUSION

For the reasons outlined above, this Court lacks subject matter jurisdiction. Therefore,

Plaintiff respectfully urges the Court to remand this action in its entirety to the Circuit Court of

Bullock County, Alabama.


/s/Lynn W. Jinks, III
One of the Attorneys
for the Plaintiff

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
Post Office Box 350
Union Springs, Alabama 36089
(334) 738-4225
(334) 738-4229 *fax*


Grady Reeves, Esquire
CERVERA, RALPH & REEVES
Post Office Box 325
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 *fax*

## CERTIFICATE OF SERVICE

I hereby certify that on this   25th   day of May, 2006, 1 have served a copy of the foregoing on the following by depositing a copy of same in the United States Mail, postage prepaid, property addressed to:

**Attorneys for Defendants**
Lawrence B. Clark, Esq.
M. Jason Asbell, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
SouthTrust Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama  35203
(205) 328-0480
(205) 322-8007 *fax*

/s/Lynn W. Jinks, III
Of Counsel