
EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
AUG 2 2001
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

WAYNE ROUGHTON,        )
                       )
    Plaintiff,         )
                       )
v.                     )    CIVIL ACTION 01-D-865-N
                       )
WARNER-LAMBERT CO.     )
et al.,                )
                       )
    Defendants.        )

ORDER

Before the court is Defendants' Notice Of Removal, which was filed July 13, 2001. Plaintiff filed a Motion To Remand July 30, 2001, which includes a request for attorney's fees and costs. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion is due to be granted.

I. FACTUAL BACKGROUND

Plaintiff originally filed this case in the Circuit Court of Bullock County, Alabama in September 2000. Plaintiff's Complaint raises only state law claims. Plaintiff named as defendants the Delaware corporation of Warner-Lambert Company, its subsidiary, and its sales representative and territory manager, Kam Wyatt, who is an Alabama citizen.

EOD 9-2-01

Defendants removed this case October 10, 2000, alleging that Wyatt had been fraudulently joined and, therefore, his citizenship should be disregarded for purposes of federal jurisdiction. See 28 U.S.C. § 1332. Ten days later, U.S. District Judge Myron H. Thompson found that Defendants had not met their burden of showing either fraudulent joinder or fraudulent misjoinder. Judge Thompson remanded this case, pursuant to 28 U.S.C. § 1447(c).

Defendants then deposed Plaintiff several weeks ago. Plaintiff made some comments which, if read in a light most charitable to Defendants, suggested but did not conclusively establish that he had no valid claim against Wyatt. Based on this newly-acquired evidence, Defendants again removed this case. They again argue fraudulent joinder. The court again remands-- this time, with costs and fees taxed.

## II. DISCUSSION

The parties cannot obtain judicial review or reconsideration of a federal court's remand under 28 U.S.C. § 1447(c). See Harris v. Blue Cross/Blue Shield, 951 F.2d 325, 330 (11th Cir. 1992). A party can remove a previously remanded case only in limited circumstances, none of which are applicable here. See 28 U.S.C. § 1446(b). As a general rule, "'the defendant may not

2

circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect.'" Collins v. Fingerhut Co., 117 F. Supp.2d 1283, 1284-85 (S.D. Ala. 2000) (quoting Nicholson v. National Accounts, Inc., 106 F. Supp.2d 1269, 1271 (S.D. Ala. 2000)).

Although Defendants are splenetic about litigating in this forum, Plaintiff has his right to choose his forum. Our nation's dual court system operates under the presumption of parity, which this court is not free to question. Federal courts are tribunals of limited jurisdiction; Congress has plainly dictated that state law claims involving non-diverse defendants do not belong here.

Defendants do not argue that Plaintiff's counsel has acted in bad faith. Instead, like the defendants in Collins and Nicholson, all that they proffer is additional evidence supporting an identical argument rejected by Judge Thompson almost nine months ago. As a result, Plaintiff has been whipsawed between federal court and state court twice. This matter has been needlessly delayed, and none of the parties are any closer to a resolution of this civil action on its merits. Without expressing any opinion on the merits of Plaintiff's claim against Wyatt, the case will be remanded. See Collins, supra; Nicholson, supra.

3

The court also awards Plaintiff all "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award fees and costs whenever it remands an improvidently removed case, for the removing party's improper actions, by their very nature, have frustrated judicial economy, upset important principles of federalism, and wrought needless litigation costs upon the other party. See Gardner v. Allstate Indem. Co., -- F. Supp.2d --, 2001 WL 705715 (M.D. Ala. 2001); Gray v. New York Life Ins. Co., 906 F. Supp. 628, 637 (N.D. Ala. 1995).

As recently noted in Gardner, this court in its discretion has typically declined to enter such a judgment in fraudulent joinder cases unless the removing party actions were unreasonable or federal jurisdiction was patently lacking at the time of removal. See Judson v. Nissan Motor Co., 52 F. Supp.2d 1352, 1363 (M.D. Ala. 1999) (DeMent, J.); Bromberg v. Metropolitan Life Ins. Co., 50 F. Supp.2d 1208, 1214 (M.D. Ala. 1999) (DeMent, J.); Whitlock v. Jackson Nat'l Life Ins. Co., 32 F. Supp.2d 1286, 1293 (M.D. Ala. 1998) (DeMent, J.); Grace v. Interstate Life & Acc. Ins. Co., 916 F. Supp. 1185, 1191-92 (M.D. Ala. 1996) (DeMent, J.); Bedford v. Connecticut Mut. Life Ins. Co., 916 F. Supp. 1211, 1216-17 (M.D. Ala. 1996) (DeMent, J.); Howard Griggs Trucking, Inc. v. American Cent. Ins. Co., 894 F. Supp. 1503,

4

1510 (M.D. Ala. 1995) (DeMent, J.) This is because issues of fraudulent joinder often pose questions that are far from simple to determine. See Grace, supra at 1192.

In this case, by contrast, the court finds that Defendants' second removal was unreasonable. It is universally known that remand orders are non-reviewable. Moreover, the court finds that subject matter jurisdiction has been lacking ab initio, and patently so ever since the first remand. The court finds that a fee award is fair and equitable under the circumstances of this case. See Gardner, supra (noting that bad faith by defendant is not necessary to award fees; ordering payment of $31,000).

### III. ORDER

It is hereby CONSIDERED and ORDERED that this case be and the same is hereby REMANDED to the Circuit Court of Bullock County, pursuant to 28 U.S.C. § 1447(c).

It is further ORDERED that any just costs and any actual expenses, including attorney's fees, associated with this removal be and the same are hereby TAXED to Defendants, for which let

5

execution issue. For administrative purposes, the Clerk of Court is DIRECTED to close this case.[1] See id.

DONE this 2nd of August, 2001.

IRA DE MENT
UNITED STATES DISTRICT JUDGE

---

[1] The court retains jurisdiction only for the limited purpose of determining costs if the parties cannot reach agreement. See Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990).

6