

EXHIBIT

_P_

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED

04 APR 27 AM 8: 15

U.S. DIS. RICT COURT
N.D. OF ALABAMA

CATHERINE ARMSTRONG, )
*et al.,*                )
                         )
        Plaintiffs,      )
                         )
vs.                      )        Civil Action No. CV-04-S-247-NW
                         )
WYETH, *et al.,*         )
                         )        **ENTERED**
        Defendants.      )
                                  APR 2 7 2004

## MEMORANDUM OPINION

Plaintiffs, Catherine Armstrong, Jayne Green, Betsy Kalaku, Sarah Littrell,

Connie Norton, Virginia Palmer, and Julia Richey, all of whom are Alabama residents,

commenced this action in the Circuit Court of Lauderdale County, Alabama, on

January 7, 2004, asserting claims of product liability under the Alabama Extended

Manufacturer's Liability Doctrine; failure to warn; breach of warranty of

merchantability; negligence; wantonness; and fraud, misrepresentation, and

suppression, all arising from injuries they allegedly suffered as a result of taking the

diet drugs Pondimin and/or Redux.[1]  Plaintiffs named as defendants Wyeth, the

alleged manufacturer of Pondimin and Redux; and, Lisa Suzanne Casteel and Michael

W. Shoemaker, sales representatives employed by Wyeth who allegedly promoted and

---

[1]Complaint, appended to Notice of Removal (doc. no. 1).



sold Pondimin and Redux to plaintiffs' physicians.[2]  Defendant Wyeth removed the

action to this court on February 6, 2004, based upon diversity jurisdiction.[3]  In the

notice of removal, Wyeth asserted that defendants Casteel and Shoemaker, who are

residents of Alabama, as are plaintiffs, were fraudulently joined as defendants.

On February 11, 2004, plaintiffs filed a motion to remand this action to state

court, contesting Wyeth's assertion that Casteel and Shoemaker were fraudulently

joined.  That motion presently is before the court.

## I. STANDARD OF REVIEW

Federal district courts are "'empowered to hear only those cases within the

judicial power of the United States as defined by Article III of the Constitution,' and

which have been entrusted to them by a jurisdictional grant authorized by Congress."

*University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 409 (11th

Cir. 1999) (quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)); *see*

*also, e.g., Morrison v. Allstate Indemnity Co.,* 228 F.3d 1255, 1260-61 (11th Cir.

2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they

have the power to decide only certain types of cases.") (citing *University of South*

*Alabama,* 168 F.3d at 409-10).  Accordingly, removal statutes must be construed

---

[2]*See id.*

[3]Notice of removal (doc. no. 1).  On the date of removal, defendants Lisa Suzanne Casteel and Michael W. Shoemaker had not been served with the summons and complaint.

-2-

narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor

of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050

(11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th

Cir. 1994)).

## II. DISCUSSION

Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" — the

citizenship of every plaintiff must be diverse from the citizenship of every defendant.

*See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th

Cir.1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)).

An action may nevertheless be removable if the joinder of non-diverse parties is

deemed to have been "fraudulent": *i.e.*, for the purpose of defeating federal

jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97, 42 S.

Ct. 35, 66 L. Ed. 144 (1921) (holding that a diverse defendant's "right of removal

cannot be defeated by a fraudulent joinder of a resident defendant having no real

connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440

(11th Cir.1983).

The filing of a frivolous or other illegitimate claim against a non-diverse

defendant is fraudulent joinder, and a district court may disregard the citizenship of

such defendants when assessing the existence of "complete diversity." *Tedder v.*

-3-

*F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).[4] The doctrine of fraudulent joinder thus is an exception to the requirement that parties must be completely diverse, and provides that an action may be removed from state court, despite a lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Traditionally, courts have deemed a joinder to be "fraudulent" in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287; *see also, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)); *Coker*, 709 F.2d at 1440. The Eleventh Circuit also has identified a third type of fraudulent joinder: when "a diverse

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

Defendants rely only on the first ground to support their allegation of fraudulent joinder: *i.e.*, that there is no possibility plaintiffs can establish a cause of action against the resident defendants.  Under this standard,

> "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir.1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989).  "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (per curiam) (emphasis in original) (affirming district court's dismissal of five individual defendants who had been employed by R.J. Reynolds in the promotion, advertising, and sale of cigarettes within Alabama as fraudulently joined for purpose of defeating

diversity jurisdiction).

The burden of proving fraudulent joinder rests with the removing defendant. *See Coker*, 709 F.2d at 1440. The claim must be supported by clear and convincing evidence. *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). When determining whether a defendant has been fraudulently joined, the court must examine the plaintiff's pleadings on the date the notice of removal was filed,[5] although it also may consider affidavits and deposition testimony submitted by the parties. *See, e.g., Pacheco de Perez*, 139 F.3d at 1380. However, "the jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A 1981)). Further, as with a Rule 56 motion for summary judgment, courts must evaluate all the evidence in the light most favorable to the plaintiff — the party opposing removal — resolving any uncertainties about the applicable laws in the plaintiff's favor. *See Pacheco de Perez*, 139 F.3d at 1380.

---

[5]As in all other issues concerning removal, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted); *see also, e.g., Coker*, 709 F.2d at 1440 ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citations omitted); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (same).

It follows from the foregoing propositions that a defendant's burden when seeking to establish fraudulent joinder is a heavy one: "where a plaintiff states *even a colorable claim* against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (emphasis supplied) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see also Coker*, 709 F.2d at 1440-41 ("If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must find* that joinder was proper and remand to that state court.") (emphasis supplied).[6]

Applying the foregoing principles, the court concludes that plaintiffs state a *possible* cause of action for fraudulent misrepresentation or suppression against non-diverse defendants Casteel and Shoemaker. In order to state a claim for fraudulent misrepresentation under Alabama law, a plaintiff must demonstrate: "(1) a false misrepresentation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and, (4) damage to the plaintiff as a proximate result of the false representation." *Dickinson v. Moore*, 468 So. 2d 136, 137-38 (Ala. 1985). These elements must be proven regardless of whether the misrepresentation was intentional

---

[6]Wyeth urges the court to follow the standard, adopted by the Fifth Circuit, that it must only show that there is no *reasonable* basis for predicating liability against the fraudulently joined defendant. Notice of Removal (doc. no. 1), at 3; *see Travis v. Irby*, 326 F.3d 644, 647-48 (5th Cir. 2003). Because the standard proffered by Wyeth differs from that set forth in controlling Eleventh Circuit precedent, this court will not follow it.

or unintentional, because under Alabama law, "[a]n innocent misrepresentation is as much a legal fraud as an intended misrepresentation." *Goggans v. Realty Sales & Mortgage,* 675 So. 2d 441, 443 (Ala. Civ. App. 1996). *See also Dodd v. Nelda Stephenson Chevrolet, Inc.,* 626 So. 2d 1288, 1291 (Ala. 1993) (discussing negligent misrepresentation); *Burlington Northern R. Co. v. Warren,* 574 So. 2d 758, 766-67 (Ala. 1990) (discussing reckless misrepresentation). Further, a plaintiff may recover for a misrepresentation made to a third party, as long as the plaintiff suffers injury as a result of the misrepresentation. *See, e.g., Thomas v. Halstead,* 605 So. 2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.").

In addition, to establish a claim for fraudulent suppression under Alabama law, a plaintiff must demonstrate: "(1) the suppression of a material fact (2) that the defendant was under a duty to communicate (3) because of a confidential relationship between the parties or the circumstances of the case and (4) which caused injury as a proximate consequence." *Applin v. Consumers Life Insurance Co.,* 623 So. 2d 1094, 1098 (Ala. 1993), *overruled on other grounds by Boswell v. Liberty National Life Insurance Co.,* 643 So. 2d 580 (Ala. 1994).

Defendants argue that plaintiffs cannot prevail on their fraudulent

-8-

misrepresentation and suppression claims, because they did not plead the claims with particularity, as required by Alabama Rule of Civil Procedure 9(b).[7] Defendants misstate the standard of review. For the fraudulent joinder analysis, the court need not determine that plaintiffs ultimately will prevail on their fraudulent misrepresentation and suppression claims, or even that plaintiffs state legally viable claims. Rather, the court only must determine that plaintiffs *might possibly prevail* on their fraudulent misrepresentation and suppression claims, as the claims are stated in the complaint.

Plaintiffs allege in their complaint that all defendants, including Casteel and Shoemaker, promoted and sold Pondimin and Redux to plaintiffs' prescribing physicians, while either concealing or misrepresenting the risks they knew were involved in taking the drugs.[8] Plaintiffs further allege that defendants made these representations, or concealed these facts, with the intent or knowledge that plaintiffs or plaintiffs' physicians would rely on the information in choosing to prescribe or consume Pondimin and Redux.[9] Finally, plaintiffs allege that they did indeed rely on these misrepresentations, or were induced by these suppressions, to conclude that it was safe for them to consume Pondimin and Redux.[10] As a result, plaintiffs allegedly

---

[7]Notice of removal (doc. no. 1), at ¶ 14.

[8]Complaint, appended to notice of removal (doc. no. 1), at ¶¶ 36, 39, 84-87.

[9]*Id.* at ¶¶ 87, 92.

[10]*Id.* at ¶ 89.

suffered a laundry list of "serious and permanent injuries and damages."[11]  These allegations are sufficient to establish a *colorable* cause of action for fraudulent misrepresentation or suppression against Casteel and Shoemaker.  *See Pacheco de Perez*, 139 F.3d at 1380.

Defendants also point to the affidavits submitted by Casteel and Shoemaker to support their contention that plaintiffs cannot establish a fraudulent misrepresentation or suppression claim against those defendants.[12]  Casteel and Shoemaker both state in their affidavits that they promoted Redux to healthcare providers based solely on information provided to them by Wyeth, but that they never promoted or sold Pondimin at all.[13]  They further state that they had no actual knowledge of any of the dangers posed by the consumption of either Pondimin or Redux.[14]  Casteel and Shoemaker argue that, because plaintiffs have not conclusively established that they took Redux, instead of Pondimin, plaintiffs cannot prove that Casteel and Shoemaker actually promoted the same drug that caused plaintiffs' injuries.[15]  They further argue that they cannot be held liable for making representations they did not know were

---

[11]*Id.* at ¶ 93.

[12]*See* doc. no. 17 (Wyeth's Opposition to Remand), at 14, 17-18.

[13]*Id.* at Exhibit B.

[14]*Id.*

[15]*Id.* at 14-15.

-10-

false, or for failing to disclose information they did not possess.[16]

Defendants' arguments contradict the allegations of plaintiffs' complaint, which must be viewed in the light most favorable to plaintiffs. The questions of whether the individual defendants actually sold or promoted the drug consumed by plaintiffs, and whether the individual defendants actually conveyed incorrect or misleading information to plaintiffs or to plaintiffs' healthcare providers, both go to the merits of plaintiffs' claims. Plaintiffs may not ultimately prevail on their fraudulent misrepresentation and suppression claims against the individual defendants; however, that fact is not relevant to the jurisdictional analysis. *See Crowe,* 113 F.3d at 1542 ("Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). The fact that plaintiff has stated a *possible* cause of action for fraudulent misrepresentation or suppression against non-diverse individual defendants Casteel and Shoemaker is sufficient to overcome defendants' allegation of fraudulent joinder.[17]

### III. CONCLUSION

In summary, the court finds that plaintiff has stated a possible cause of action

---

[16]*Id.* at 17-23.

[17]For the fraudulent joinder analysis, the court must only decide whether plaintiffs have possibly stated a *single* cause of action against any one of the non-diverse individual defendants. Thus, the court will not address the merits, or possible merits, of any of plaintiffs' other claims.

-11-

for fraudulent misrepresentation or suppression against non-diverse defendants Casteel and Shoemaker. Accordingly, those defendants were not fraudulently joined, and complete diversity of citizenship has not been established. Because there is no federal jurisdiction, this action will be remanded to state court. An appropriate order will be entered contemporaneously herewith.[18]

DONE this _27th_ day of April, 2004.

_[signature]_

United States District Judge

---

[18]Because there is no federal jurisdiction, the court will not consider any of the other pending motions in this case.

-12-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED

04 APR 27 AM 8:15

U.S. DISTRICT COURT
N.D. OF ALABAMA

CATHERINE ARMSTRONG, )
et al., )
 )
    Plaintiffs, )
 )
vs. )      Civil Action No. CV-04-S-247-NW
 )
WYETH, et al., )
 )
    Defendants. )

ENTERED

APR 2 7 2004

### ORDER OF REMAND

This action is before the court on plaintiffs' motion to remand (doc. no. 8). In accordance with the memorandum opinion entered contemporaneously herewith, the motion is GRANTED. This action is remanded to the Circuit Court of Lauderdale County, Alabama, from which it was removed. The clerk is directed to send a certified copy of this order of remand to the clerk of the state court. Costs incurred herein are taxed to defendant Wyeth. The clerk is directed to close the file.

DONE this **27**th day of April, 2004.

_____
United States District Judge