

EXHIBIT R

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 APR 27 AM 9:
U.S. ...
N.D. OF ALABAM

CARL LEGG and DOROTHY  )
LEGG,                   )
                        )
    Plaintiffs,         )
                        )
vs.                     )   Civil Action No. CV-04-S-0435-NE
                        )
WYETH, et al.,          )
                        )
    Defendants.         )

APR 27 2004

## ORDER OF REMAND

This action is before the court on plaintiffs' motion to remand (doc. no. 14). In accordance with the memorandum opinion entered contemporaneously herewith, the motion is GRANTED. This action is remanded to the Circuit Court of Madison County, Alabama, from which it was removed. The clerk is directed to send a certified copy of this order of remand to the clerk of the state court. Costs incurred herein are taxed to defendant Wyeth. The clerk is directed to close the file.

DONE this 27th day of April, 2004.

_____
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 APR 27 AM 9:48
U.S. [illegible]
N.D. OF ALABAMA

| | |
|---|---|
| CARL LEGG and DOROTHY LEGG, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. CV-04-S-0435-NE |
| WYETH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs, Carl and Dorothy Legg, commenced this action in the Circuit Court of Madison County, Alabama, on February 2, 2004, asserting claims of product liability under the Alabama Extended Manufacturer's Liability Doctrine, negligence, breach of warranty, fraudulent misrepresentation and suppression, negligent and/or reckless misrepresentation and suppression, and civil conspiracy, all arising from injuries plaintiff Carl Legg allegedly suffered as a result of taking the diet drug Redux.[1] Plaintiff Dorothy Legg also asserts a claim for loss of consortium.[2] Plaintiffs named as defendants Wyeth, Wyeth Pharmaceuticals, and Indevus Pharmaceuticals, Inc., the alleged manufacturers of Redux; and, Stacy Stubblefield, Michael Sullivan, and Betsy Weaver, sales representatives employed by Wyeth who allegedly promoted

---

[1] Complaint, appended to Notice of Removal (doc. no. 1).
[2] Id. at Count VII.

and sold Redux to Carl Legg's physician.[3] Defendant Wyeth removed the action to this court on March 3, 2004, based upon diversity jurisdiction.[4] In the notice of removal, Wyeth asserted that defendants Stacy Stubblefield and Betsy Weaver, who are residents of Alabama, as are plaintiffs, were fraudulently joined as defendants.[5]

Plaintiffs filed a motion to remand this action to state court on March 26, 2004, contesting Wyeth's assertion that Stubblefield and Weaver were fraudulently joined.[6] That motion presently is before the court. Defendants failed to file a response to the motion, as required by Section IV(A)(3) of the Initial Order Governing All Further Proceedings entered in this action on March 12, 2004.[7]

## I. STANDARD OF REVIEW

Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th

---

[3] *See* complaint.

[4] Notice of removal (doc. no. 1). On the date of removal, defendants Michael Sullivan and Stacy Stubblefield had not been served with a copy of the summons and complaint.

[5] *Id.* at 4-8. All other defendants are residents of states other than Alabama. Wyeth and Wyeth Pharmaceuticals both are Delaware corporations with their principal places of business in New Jersey; Indevus Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in Massachusetts; and, Michael Sullivan is an individual resident of Georgia. *Id.* at 3.

[6] Doc. no. 14.

[7] Doc. no. 10.

-2-

Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *University of South Alabama*, 168 F.3d at 409-10). Accordingly, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II. DISCUSSION

Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" — the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent": *i.e.*, for the purpose of defeating federal jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th

-3-

Cir.1983).

The filing of a frivolous or other illegitimate claim against a non-diverse defendant is characterized as "fraudulent joinder," and a district court may disregard the citizenship of such defendants. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).[8] The doctrine of fraudulent joinder thus is an exception to the requirement that parties must be completely diverse, and provides that an action may be removed from state court, despite a lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Traditionally, courts have deemed a joinder to be "fraudulent" in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287; *see also, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

-4-

facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)); *Coker*, 709 F.2d at 1440. The Eleventh Circuit also has identified a third type of fraudulent joinder: when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

Defendants rely only on the first ground to support their allegation of fraudulent joinder: *i.e.*, that there is no possibility plaintiffs can establish a cause of action against the resident defendants. Under this standard,

> "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir.1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (*per curiam*) (emphasis in original) (affirming district court's dismissal of five individual defendants who had been employed by R.J. Reynolds in the promotion, advertising, and sale of

-5-

cigarettes within Alabama as fraudulently joined for purpose of defeating diversity jurisdiction).

The burden of proving fraudulent joinder rests with the removing defendant. *See Coker*, 709 F.2d at 1440. The claim must be supported by clear and convincing evidence. *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). When determining whether a defendant has been fraudulently joined, the court must examine the plaintiffs' pleadings on the date the notice of removal was filed,[9] although it also may consider affidavits and deposition testimony submitted by the parties. *See, e.g., Pacheco de Perez*, 139 F.3d at 1380. However, "the jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A 1981)). Further, as with a Rule 56 motion for summary judgment, courts must evaluate all the evidence in the light most favorable to the plaintiff — the party opposing removal — resolving any uncertainties about the applicable laws in the plaintiff's favor. *See Pacheco de Perez*,

---

[9] As in all other issues concerning removal, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted); *see also, e.g., Coker*, 709 F.2d at 1440 ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citations omitted); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (same).

139 F.3d at 1380.

It follows from the foregoing propositions that a defendant's burden when seeking to establish fraudulent joinder is a heavy one: "where a plaintiff states *even a colorable claim* against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (emphasis supplied) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see also Coker*, 709 F.2d at 1440-41 ("If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must find* that joinder was proper and remand to that state court.") (emphasis supplied).[10]

Applying the foregoing principles, the court concludes that plaintiff states a *possible* cause of action for fraud against non-diverse defendants Weaver and Stubblefield.[11] In order to state a claim for fraudulent misrepresentation under Alabama law, plaintiffs must demonstrate: "(1) a false misrepresentation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and, (4) damage to the plaintiff as a proximate result of the false representation." *Dickinson*

---

[10] Wyeth urges the court to follow the standard, adopted by the Fifth Circuit, that it must only show that there is no *reasonable* basis for predicating liability against the fraudulently joined defendant. Notice of Removal (doc. no. 1), at 5; *see Travis v. Irby*, 326 F.3d 644, 647-48 (5th Cir. 2003). Because the standard proffered by Wyeth differs from that set forth in controlling Eleventh Circuit precedent, this court will not follow it.

[11] Plaintiffs' complaint includes two separate fraud counts. Count IV is for "Fraud; Misrepresentation and Suppression," and Count V is for "Negligent and Reckless Misrepresentation/Suppression." *See* complaint, appended to Notice of Removal (doc. no. 1), at ¶¶ 63-88.

-7-

*v. Moore*, 468 So. 2d 136, 137-38 (Ala. 1985). These elements must be proven regardless of whether the misrepresentation was intentional or unintentional, because under Alabama law, "[a]n innocent misrepresentation is as much a legal fraud as an intended misrepresentation." *Goggans v. Realty Sales & Mortgage*, 675 So. 2d 441, 443 (Ala. Civ. App. 1996). *See also Dodd v. Nelda Stephenson Chevrolet, Inc.*, 626 So. 2d 1288, 1291 (Ala. 1993) (discussing negligent misrepresentation); *Burlington Northern R. Co. v. Warren*, 574 So. 2d 758, 766-67 (Ala. 1990) (discussing reckless misrepresentation).

Further, a plaintiff may recover for a misrepresentation made to a third party, as long as the plaintiff suffers injury as a result of the misrepresentation. *See, e.g., Thomas v. Halstead*, 605 So. 2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.").

Defendants argue that plaintiffs cannot prevail on their fraud claims because they did not plead fraud with particularity, as required by Alabama Rule of Civil Procedure 9(b).[12] Defendants misstate the standard of review. For the fraudulent joinder analysis, the court need not determine that plaintiffs ultimately will prevail on their fraud claims, or even that plaintiffs state a legally viable fraud claim. Rather, the

---

[12] Notice of removal (doc. no. 1), at ¶ 15.

-8-

court only must determine that plaintiffs *might possibly prevail* on their fraud claims, as the claims are stated in the complaint.

Nonetheless, plaintiffs' complaint contains allegations sufficient to survive even the heightened standard of pleading fraud with particularity. Alabama law requires that a plaintiff pleading a fraud claim "must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained." *Lyde v. United Insurance Co. of America*, 628 So. 2d 665, 670 (Ala. Civ. App. 1993) (citing *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981)). In the fraud counts of their complaint, which are alleged against all defendants, plaintiffs state that defendants' misrepresentations occurred "In the State of Alabama and throughout the United States," and more particularly, in the office of plaintiff Carl Legg's physician.[13] Further, plaintiffs identify eighteen exact dates on which the sales representatives allegedly visited the office of Carl Legg's physician to promote and sell Redux.[14] The contents of the alleged misrepresentations include

> among other things, express and implied statements, publicly disseminated misinformation provided to regulatory agencies, inadequate, incomplete and misleading warnings about Redux, failure to disclose important safety and injury information, regarding Redux while having a duty to disclose to Plaintiff's prescribing physician, Plaintiff, and others such information, and elaborate marketing, promotional, and advertising

---

[13] Complaint, appended to Notice of Removal (doc. no. 1), at ¶¶ 74-75.
[14] *Id.* at ¶ 75.

-9-

activities designed to conceal and mislead about the safety of Redux.[15] The fact misrepresented was "that Redux was safe to ingest and that the utility of Redux outweighed any risk in use for the intended purpose of weight loss or control."[16] Finally, as a result of their misrepresentations, defendants gained revenue and/or sales commissions from the sale of Redux.[17]

Defendants also allege that plaintiffs cannot establish a fraud claim against any of the individual defendants in their individual capacities.[18] Defendants rely on the affidavits submitted by the individual defendants to support their allegation. Defendant Betsy Weaver states in her affidavit that she promoted Redux to healthcare providers based solely on information provided to her by Wyeth.[19] Defendant Stacy Stubblefield states that she never promoted or sold Redux at all.[20] The questions of whether the individual defendants actually sold or promoted Redux, and whether the individual defendants actually conveyed incorrect or misleading information to plaintiff Carl Legg's healthcare providers, both go to the merits of plaintiffs' claims. Plaintiffs may not ultimately prevail on their claims against the individual defendants;

---

[15] *Id.* at ¶ 76.
[16] *Id.* at ¶ 83; *see also id.* at ¶ 73.
[17] *Id.* at ¶¶ 64, 77, 87.
[18] Notice of removal (doc. no. 1), at ¶ 15.
[19] *Id.* at Exhibit B.
[20] *Id.* Defendant Michael Sullivan also submitted an affidavit. However, Sullivan's affidavit is not relevant to the fraudulent joinder analysis, because he is a diverse party.

-10-

however, that fact is not relevant to the jurisdictional analysis. *See Crowe*, 113 F.3d at 1542 ("Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). The fact that plaintiffs have stated a *possible* cause of action for fraud against non-diverse individual defendants Weaver and Stubblefield is sufficient to overcome defendants' allegation of fraudulent joinder.[21]

### III. CONCLUSION

In summary, the court finds that plaintiffs have stated a possible cause of action for fraud against non-diverse defendants Weaver and Stubblefield. Accordingly, those defendants were not fraudulently joined, and complete diversity of citizenship has not been established. Because there is no federal jurisdiction, this action will be remanded to state court. An appropriate order will be entered contemporaneously herewith.[22]

DONE this 27th day of April, 2004.

_____
United States District Judge

---

[21] For the fraudulent joinder analysis, the court must only decide whether plaintiffs have possibly stated a *single* cause of action against any one of the non-diverse individual defendants. Thus, the court will not address the merits, or possible merits, of any of plaintiffs' other claims.

[22] Because there is no federal jurisdiction, the court will not consider any of the other pending motions in this case.

-11-