

EXHIBIT U

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 MAR 11 PM 3: 04
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARCIA CARLISLE, et al.,    )<br>                              )<br>        Plaintiffs            )<br>                              )<br>vs.                           )  CASE NO. CV04-HGD-0394-S<br>                              )<br>WYETH, et al.,               )<br>                              )<br>        Defendants           )| |

ENTERED
MAR 11 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**O R D E R**

The above-entitled civil action is before the court on the Emergency Motion to Remand filed by plaintiffs [Doc. #7], the Motion to Stay to Allow Transfer to Multi-District Litigation Proceeding filed by defendants [Doc. #11], and the Motion for Oral Argument filed by plaintiffs [Doc. #9].

Plaintiffs, Marcia Carlisle, Kathleen Johnson, and Donna McGuffie, all Alabama residents, commenced this action by filing a complaint in the Circuit Court of Jefferson County, Alabama. Named as defendants are Wyeth, Inc., Ben Lavender, and Anthony Cherry. Plaintiffs state that they have opted out of the nationwide class action settlement reached in *Brown v. American Home Products* and wish to pursue their claims for damages individually. They allege that they took Pondimin or Redux, medications that were manufactured and distributed by Wyeth, Inc., and suffered injuries as a result. They also allege that defendants Lavender and Cherry, residents of Alabama, acted as

pharmaceutical sales representatives. Plaintiffs assert causes of action for strict liability under the Alabama Extended Manufacturers Liability Doctrine, failure to warn, failure to test, negligence, breach of warranties, fraud, misrepresentation, and conspiracy to defraud and conceal.

With respect to the individual defendants, Lavender and Cherry, plaintiffs claim:

> Upon information and belief, and at all times material hereto, these Sales Rep Defendants were individually employed, contracted, associated or otherwise engaged as a pharmaceutical sales person, detailer and/or pharmaceutical representative by [Wyeth] in furtherance of marketing, promoting, selling and/or distributing the pharmaceutical drugs fenfluramine (Pondimin®) and/or dexfenfluramine (Redux™) in the State of Alabama. As set forth more completely herein, the Sales Rep Defendants committed positive tortuous [sic] acts against each Plaintiff. Specifically, withinn the years of 1996 and 1997, and prior to that time, the following named Sales Rep Defendants were directly involved in detailing, marketing, promoting, selling and/or distributing of drugs fenfluramine (Pondimin®) and/or dexfenfluramine (Redux™), alone or in combination with phentermine to the following named Plaintiff's prescribing physicians:
>
> 1. Sales Rep Defendant Ben Lavender detailed, marketed, promoted, sold and/or distributed fenfluramine (Pondimin®), dexfenfluramine (Redux™), alone or in combination with phentermine to Plaintiff Marcia Carlisle, Kathleen Johnson, and Donna McGuffie's prescribing physician, Omar Khalaf, M.D.; and
>
> 2. Sales Rep Defendant Anthony Cherry detailed, marketed, promoted, sold and/or distributed fenfluramine (Pondimin®), dexfenfluramine (Redux™), alone or in combination with phentermine to Plaintiff Marcia Carlisle, Kathleen Johnson, and Donna McGuffie's prescribing physician, Omar Khalaf, M.D.

2

[Complaint at ¶ 24]. The tortious acts alleged to have been committed by Lavender and Cherry include failure to convey adequate warnings about the risks of fenfluramine and dexfenfluramine; negligent distribution, marketing, advertisement or promotion of the drugs; and fraudulent or reckless misrepresentations about the safety and efficacy of the drugs. The individual defendants also are alleged to have been part of a conspiracy to conceal from the public and plaintiffs information relating to the dangers associated with the drugs. [*Id.* at ¶ 25].

In Count IV, plaintiffs assert a cause of action for negligence against all defendants, alleging that each defendant owed a duty to plaintiffs to exercise reasonable care in the marketing and promotion of fenfluramine and dexfenfluramine. The individual defendants are claimed to have been negligent in their actions, misrepresentations, and omissions toward plaintiffs. [*Id.* at ¶¶ 101-02]. Count VI alleges a cause of action for intentional or reckless misrepresentation for providing allegedly false, incomplete and misleading information about the drugs to plaintiffs' physicians and others, upon which plaintiffs relied to their detriment. [*Id.* at ¶¶ 112-17].

In Count VII, plaintiffs allege that defendants negligently represented to plaintiffs' physicians and others that the drugs were safe and the utility of the drugs outweighed any risks. It also is alleged that defendants negligently failed to disclose important safety and injury information, which they had a duty to disclose in the marketing and promotion of the drugs. [*Id.* at ¶¶118-23].

3

Plaintiffs assert that defendants, "individually and collectively, committed acts of negligent misrepresentation and negligent concealment by suppressing material facts relating to the dangers and injuries associated with, and caused by, the use of the subject drugs." [*Id.* at ¶ 120].

Defendants removed the action to federal court, asserting that the individual defendants were fraudulently joined to defeat diversity jurisdiction in the federal court. Plaintiffs have filed a motion to remand this action to state court, arguing that Alabama law allows them to assert claims against the individual defendants for negligence, fraudulent, reckless or negligent misrepresentation, and conspiracy to conceal material information. Plaintiffs have submitted the affidavit of Dr. Omar Khalaf, in which he states that Lavender and Cherry visited his office and promoted and marketed fenfluramine and dexfenfluramine to him. [Doc. #7 at Exh. A, ¶ 3]. Dr. Khalaf further states that he relied on Lavender and Cherry to disclose to him any side effects of the drugs not discoverable in common sources, any safety issues, and any adverse drug events reports received by Wyeth. [*Id.* at ¶ 4]. Neither Lavender nor Cherry informed him of any safety issues; in fact, they continuously represented that the drugs were safe and effective for long term use. [*Id.* at ¶¶ 5, 6].

Defendants have asked the court to stay this action pending transfer to the United States District Court for the Eastern District of Pennsylvania, the court handling the multidistrict litigation (MDL) against these defendants based

4

on their manufacture and distribution of Pondimin and Redux, and allow the MDL court to rule on the motion to remand.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation sent a letter to all judges involved with MDL-1203, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, encouraging them to issue rulings on pending motions to remand. It is noted that the identical issue raised by plaintiffs' motion to remand in this action has been addressed by other judges of this court. See *Hough v. Wyeth, et al.*, CV04-H-0393-S; *Eaton v. Wyeth, et al.*, CV04-P-0380-M; *McGowan v. Wyeth, et al.*, CV04-TMP-0298-S; *Bridges v. Wyeth, et al.*, CV04-AR-0297-J; *Marshal v. Wyeth, et al.*, CV04-TMP-0179-S; *Storey v. Wyeth, et al.*, CV04-BE-0027-E; *Cash v. Wyeth, et al.*, CV03-RRA-3378-E; *Davis v. Wyeth, et al.*, CV03-J-3167-J; *Terrell v. Wyeth, et al.*, CV03-BE-2876-S; *Floyd v. Wyeth, et al*, CV03-C-2564-M]. In each of those cases, the judge remanded the action to state court based on lack of diversity among the properly-named parties.

Title 28 U.S.C. § 1332 provides that the district courts have original jurisdiction of all civil actions involving an amount in controversy in excess of $75,000 and between citizens of different states. Title 28 U.S.C. § 1441(a) allows actions filed in state court to be removed to federal court when the federal court would have original jurisdiction over the action. If a non-diverse defendant has been fraudulently joined to defeat jurisdiction, the action may

nonetheless be removed to federal court, and the citizenship of the fraudulently-joined defendant is ignored.

The removing parties bear the burden of proving the joinder of resident defendants was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden can be met by presentation of evidence or information "that compels the conclusion that the joinder is without right and made in bad faith . . . ." *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989), quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). A claim of fraudulent joinder must be supported by "clear and convincing evidence." *Lane v. Champion International Corp.*, 827 F.Supp. 701, 706 (S.D.Ala. 1993). The Eleventh Circuit Court of Appeals has established a two-step test for determining if a defendant is fraudulently joined:

> (1) look to see whether there is **no possibility** the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

6

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (emphasis added). The test looks to the plaintiff's pleadings at the time of removal, *Cabalceta*, 883 F.2d at 1561, and all questions of fact and controlling law must be resolved in favor of the plaintiff. *Id.*

In deciding whether plaintiffs have stated an arguable cause of action against the defendants alleged to have been fraudulently joined, the court must not allow the jurisdictional question to "subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

Defendants herein claim that Ben Lavender and Anthony Cherry, Alabama residents, have been fraudulently joined to defeat jurisdiction in that plaintiffs cannot state a cause of action against these defendants. They provide the affidavits of Lavender and Cherry, both of whom state they are or were sales representatives for Wyeth and both of whom deny they advertised, assembled, created, designed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, tested or warranted Pondimin or Redux. [Doc. #6]. Both admit they promoted and detailed Redux, based solely on information provided to them by Wyeth. They also deny any knowledge of the alleged

7

association between the drugs and valvular heart disease. [*Id.*]. However, the contents of the affidavits contradict plaintiffs' complaint allegations and go to the merits of plaintiff's claims against the individual defendants; they cannot provide the basis for a determination that plaintiffs' claims for negligence, misrepresentation, fraud or suppression against these individuals are without merit and can be ignored in the jurisdictional analysis.

After a review of the pleadings and Alabama law, the court cannot say that plaintiffs have no possibility of establishing a cause of action against Lavender or Cherry. At the very least, plaintiffs have stated a legally possible claim against these defendants for negligent misrepresentation. Plaintiffs have alleged that Lavender and Cherry misrepresented certain material facts about the risks associated with the use of Pondimin and Redux and that plaintiffs, through their physicians, reasonably relied on the representations. Even if the court assumes neither Lavender nor Cherry had any knowledge of the risks associated with the drugs at the time they acted as sales representatives for Wyeth, thereby foreclosing any claim for intentional misrepresentation or suppression, the court cannot say that plaintiffs have wholly failed to state a claim for negligent misrepresentation under Alabama law. *See George v. Associated Doctors Health & Life Ins. Co.*, 675 So.2d 860, 862 (Ala. 1996); *Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App. 1996). *See also Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made

8

possible the damages to him by practicing the deceit in the first place") (citations omitted). Therefore, defendants have not satisfied their burden of coming forward with clear and convincing evidence that the joinder of Lavender and Cherry was fraudulent.

Accordingly, it is ORDERED that the Motion to Stay is due to be and hereby is DENIED, and the Motion for Oral Argument is due to be and hereby is DENIED. It is further ORDERED that the Emergency Motion to Remand is due to be and hereby is GRANTED and this action will be REMANDED to the Circuit Court of Jefferson County, Alabama, fifteen (15) days after the date of entry of this order. Any party may seek a review of this order of remand pursuant to Rule 72(a), Fed.R.Civ.P.

DONE this 11th day of March, 2004.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE