

EXHIBIT V

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
04 MAR 11 PM 3:1
U.S. DISTRICT COU
N.D. OF ALABAM.

| | |
|---|---|
| WANDA CAMPBELL, et al., ) | |
| Plaintiffs ) | |
| vs. ) | CASE NO. CV03-HGD-3364-M |
| WYETH, et al., ) | |
| Defendants ) | |

ENTERED
MAR 11 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

### ORDER

The above-entitled civil action is before the court on the Motion to Remand and Motion for Sanctions filed by plaintiffs [Doc. #9] and the Motion to Stay to Allow Transfer to Multi-District Litigation Proceeding filed by defendants [Doc. #15].

Plaintiffs, Wanda Campbell, Marie Cork, Shirley Edmondson, Julia Eudy, Dottie Harvell, Vikki Jimerson, Donna Robertson, Beverly Scarborough, Vicky Scott, Jimmy Swords, Linda Thrower, and Phyllis Tollman, all Alabama residents, commenced this action by filing a complaint in the Circuit Court of Marshall County, Alabama. Named as defendants are Wyeth, Inc., Stacy Stubblefield, and Betsy R. Weaver. Plaintiffs state that they have opted out of the nationwide class action settlement reached in *Brown v. American Home Products* and wish to pursue their claims for damages individually. They allege that they took Pondimin or Redux, medications that were manufactured and

20

distributed by Wyeth, Inc., and suffered injuries as a result. They also allege that defendants Stubblefield and Weaver, residents of Alabama, acted as pharmaceutical sales representatives. Plaintiffs assert causes of action for strict liability under the Alabama Extended Manufacturers Liability Doctrine, failure to warn, breach of the warranty of merchantability, negligence, fraud and suppression.

With respect to the individual defendants, Stubblefield and Weaver, plaintiffs claim that they, along with Wyeth, "promoted, detailed, distributed, sold and/or marketed and made representations to plaintiffs' treating physicians . . . regarding Pondimin and/or Redux." It further is alleged that based on these representations made by Wyeth and its agents, plaintiffs' treating physicians prescribed Pondimin and/or Redux for plaintiffs. [Complaint, at ¶ 8]. Plaintiffs further allege that Stubblefield and Weaver, Wyeth's sales representatives, owed duties to plaintiffs which were breached by, *inter alia*, their failure to convey adequate warnings, negligent misrepresentations regarding the safety and efficacy of the drugs, negligent or intentional withholding of information about the danger of the drugs when they had actual or constructive knowledge of same, and continuing to promote the drugs despite actual or constructive knowledge of adverse drug reports. [*Id.* at ¶ 24, ¶¶ 73-75]. In Count VI, plaintiffs allege causes of action against all defendants for fraud, misrepresentation and suppression. [*Id.* at ¶¶ 83-93]. In that count, the individual defendants are alleged to have made negligent or

2

intentional representations that Pondimin and/or Redux were safe and effective and actively concealed adverse information about the drugs' physical effects. Plaintiffs also allege that defendants had a post-sale duty to warn plaintiffs about the potential risks associated with the drugs. [*Id.*].

Defendants removed the action to federal court, asserting that the individual defendants were fraudulently joined to defeat diversity jurisdiction in the federal court. Plaintiffs have filed a motion to remand this action to state court, arguing that Alabama law allows them to assert claims against the individual defendants for fraud and suppression. They also seek sanctions against defendants for removing this action. Defendants have asked the court to stay this action pending transfer to the United States District Court for the Eastern District of Pennsylvania, the court handling the multidistrict litigation (MDL) against these defendants based on their manufacture and distribution of Pondimin and Redux, and allow the MDL court to rule on the motion to remand.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation sent a letter to all judges involved with MDL-1203, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, encouraging them to issue rulings on pending motions to remand. It is noted that the identical issue raised by plaintiffs' motion to remand in this action has been addressed by other judges of this court. *See Hough v. Wyeth, et al.*, CV04-H-0393-S; *Eaton v. Wyeth, et al.*, CV04-P-0380-M; *McGowan v. Wyeth, et al.*, CV04-TMP-0298-S; *Bridges v. Wyeth, et al.*, CV04-AR-0297-J; *Marshal*

3

v. Wyeth, et al., CV04-TMP-0179-S; Storey v. Wyeth, et al., CV04-BE-0027-E; Cash v. Wyeth, et al., CV03-RRA-3378-E; Davis v. Wyeth, et al., CV03-J-3167-J; Terrell v. Wyeth, et al., CV03-BE-2876-S; Floyd v. Wyeth, et al, CV03-C-2564-M]. In each of those cases, the judge remanded the action to state court based on lack of diversity among the properly-named parties.

Title 28 U.S.C. § 1332 provides that the district courts have original jurisdiction of all civil actions involving an amount in controversy in excess of $75,000 and between citizens of different states. Title 28 U.S.C. § 1441(a) allows actions filed in state court to be removed to federal court when the federal court would have original jurisdiction over the action. If a non-diverse defendant has been fraudulently joined to defeat jurisdiction, the action may nonetheless be removed to federal court, and the citizenship of the fraudulently-joined defendant is ignored.

The removing parties bear the burden of proving the joinder of resident defendants was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden can be met by presentation of evidence or information "that compels the conclusion that the joinder is without right and made in bad faith . . . ." *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989), quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the court must find that the joinder was proper

4

and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). A claim of fraudulent joinder must be supported by "clear and convincing evidence." *Lane v. Champion International Corp.*, 827 F.Supp. 701, 706 (S.D.Ala. 1993). The Eleventh Circuit Court of Appeals has established a two-step test for determining if a defendant is fraudulently joined:

> (1) look to see whether there is **no possibility** the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (emphasis added). The test looks to the plaintiff's pleadings at the time of removal, *Cabalceta*, 883 F.2d at 1561, and all questions of fact and controlling law must be resolved in favor of the plaintiff. *Id.*

In deciding whether plaintiffs have stated an arguable cause of action against the defendants alleged to have been fraudulently joined, the court must not allow the jurisdictional question to "subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the

5

joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

Defendants herein claim that Stacy Stubblefield and Betsy R. Weaver, Alabama residents, have been fraudulently joined to defeat jurisdiction in that plaintiffs cannot state a cause of action against these defendants for negligence, fraud or fraudulent concealment. They provide the affidavits of Stubblefield and Weaver, both of whom state they were sales representatives for Wyeth and both of whom deny they advertised, assembled, created, designed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, tested or warranted Pondimin or Redux. [Doc. #14 at Exhs. P, Q]. Stubblefield admits he detailed Redux, based solely on information provided to him by Wyeth. He also denies any knowledge of the alleged association between the drugs and valvular heart disease. [*Id.* at Exh. P]. However, the contents of the affidavits contradict plaintiffs' complaint allegations and go to the merits of plaintiff's claims against the individual defendants; they cannot provide the basis for a determination that plaintiffs' claims for negligence, misrepresentation, fraud or suppression against these individuals are without merit and can be ignored in the jurisdictional analysis.

After a review of the pleadings and Alabama law, the court cannot say that plaintiffs have no possibility of establishing a cause of action against Stubblefield or Weaver. At the very least, plaintiffs have stated a legally possible claim against these defendants for negligent misrepresentation.

6

Plaintiffs have alleged that Stubblefield and Weaver misrepresented certain material facts about the risks associated with the use of Pondimin and Redux and that plaintiffs, through their physicians, reasonably relied on the representations. Even if the court assumes neither Stubblefield nor Weaver had any knowledge of the risks associated with the drugs at the time they acted as sales representatives for Wyeth, thereby foreclosing any claim for intentional misrepresentation or suppression, the court cannot say that plaintiffs have wholly failed to state a claim for negligent misrepresentation under Alabama law. *See George v. Associated Doctors Health & Life Ins. Co.*, 675 So.2d 860, 862 (Ala. 1996); *Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App. 1996). *See also Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place") (citations omitted). Therefore, defendants have not satisfied their burden of coming forward with clear and convincing evidence that the joinder of Stubblefield and Weaver was fraudulent.

Accordingly, it is ORDERED that the Motion to Stay is due to be and hereby is DENIED. It is further ORDERED that the Motion to Remand is due to be and hereby is GRANTED and this action will be REMANDED to the Circuit Court of Marshall County, Alabama, fifteen (15) days after the date of entry of this order. The Motion for Sanctions is DENIED. Any party may seek a review of this order of remand pursuant to Rule 72(a), Fed.R.Civ.P.

DONE this 11th day of March, 2004.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

8