

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA CARTER, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CV 04-AR-0446-S |
| WYETH, et al., | ) | |
| Defendants. | ) | |

ENTERED
MAR 3 0 2004

## ORDER

In accordance with the accompanying memorandum opinion, the court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1447(c), and therefore that the case was improvidently removed. Accordingly, plaintiffs' motion to remand is GRANTED, and the case is REMANDED to the Circuit Court of Jefferson County, Alabama. The Clerk is directed to effectuate this order.

Costs are taxed against the removing defendant.

DONE and ORDERED this 30th day of March, 2004.

William M. Acker, Jr.
Sr. United States District Judge



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA CARTER, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CV 04-AR-0446-S |
| WYETH, et al., | ) | |
| Defendants. | ) | |
| | ) | |

ENTERED
MAR 30 2004

## MEMORANDUM OPINION

Plaintiffs have filed a motion to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, Wyeth. The jurisdiction of this court has been invoked on the basis of alleged complete diversity of citizenship between plaintiffs and Wyeth. The notice of removal necessarily alleges that the two non-diverse individual defendants were fraudulently joined for the purpose of destroying removal jurisdiction. The question of the viability of plaintiffs' claims against the individual defendants, Lavender and Cherry, has been exhaustively briefed and brilliantly orally argued. The court is, in effect, being asked to rethink its recent order that remanded a virtually identical Wyeth case.

Although this court cannot predict with certainty that the Supreme Court of Alabama will, when it gets the chance, decide to allow a person allegedly injured



by a defective pharmaceutical to sue not only the manufacturer, but the manufacturer's sales representative who has innocently misrepresented the properties of the product to a treating physician, and who has never dealt directly with the injured party, neither can this court guarantee that it won't. It is amazing to this court that the issue has not yet been addressed and answered unequivocally by a binding appellate court in Alabama. Until the debate between Wyeth and its protagonists has been ended by a binding Alabama court, the benefit of the doubt goes to the plaintiff. This was as true when this court remanded a procedurally identical case, as it was true when all of Alabama's other federal judges, faced with the issue, did the same.

Even if a *nisi prius* Alabama court had expressly agreed with Wyeth in a well reasoned and persuasive opinion, something that has not happened, such an opinion would not require the same conclusion as to the state of Alabama law by this court. It takes an expression from a state appellate court to say that a particular theory of liability is not viable. See *Skevofilax ex rel. Skevofilax v. Sventis Pasteur, Inc.*, _F. Supp. 2d_, 2003 WL 23281561 (D. Md).

In this removal there is a unique feature that not only serves to illustrate the problem inherent in fraudulent joinder removals, but that may contribute to its answer in this case. Instead of filing the only motions that would be consistent with Wyeth's contention that a cause of action has not been stated against the non-

diverse defendants, the non-diverse defendants have filed <u>answers</u> to the complaint. In other words, the non-diverse defendants are ostensibly joining issue on the merits. Where are their Rule 12(b)(6) motions? They may not have realized the conceptual difference between an answer and a motion to dismiss, but this court cannot resist pointing it out. Any order denying plaintiffs' motion to remand would necessitate the granting of motions to dismiss on behalf of the non-diverse defendants. If the Alabama Supreme court had made clear that plaintiffs cannot sue both Wyeth and its sales reps in one suit, this court would, of course, dismiss the action against the sale reps despite the absence of motions to dismiss and would deny the motion to remand. Such is not the case.

An order granting plaintiffs' motion to remand will be separately entered.

**DONE** and **ORDERED** this 30th day of March, 2004.

_____
William M. Acker, Jr.
Sr. United States District Judge