

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  04 JAN 30 PH 3: 46
EASTERN DIVISION

DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| SANDRA STOREY, | ] | |
| Plaintiff, | ] | |
| v. | ] | CV-04-BE-27-E |
| WYETH, INC., WYETH PHARMACEUTICAL, and ANTHONY CHERRY, | ] ] ] | ENTERED JAN 3 0 2004 |
| Defendants. | ] | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

40

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheo de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand*. See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has *no* possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this 30th day of January, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT